# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**PAUL W. BERGRIN,**<br><br>    **Defendant.** | Criminal No. 09-369<br><br>**ORDER** |

  **THIS MATTER** comes before the Court on the Government's oral motion for a stay of the January 5, 2012 trial date, pending the appeal of this Court's December 27, 2011 Order granting in part, and denying in part, Defendant's motion for severance ("December 27 Order" or the "Court's Order") (ECF No. 360). Defendant joins in the motion for a stay. For the reasons set forth below, the Government's motion is **GRANTED** and the trial will be adjourned until **January 18, 2012**.

  As an initial matter, the Court notes that it is reluctant to grant an indefinite stay pending appeal for several reasons. First, based on this Court's understanding of the law and the Federal Rules of Criminal Procedure, the Government's appeal appears to be improper under 18 U.S.C. § 3731. The Government mischaracterizes the Court's December 27 Order as dismissing counts of the Second Superseding Indictment ("SSI") and excluding evidence from trial. (*See* Notice of Appeal by

1

USA, ECF No. 361.) However, the plain language of the December 27 Order and accompanying Opinion make clear that the Court entered an Order of severance, not dismissal. Specifically, the Court ordered that "Counts Five, Eight through Ten, and Seventeen through Twenty-Six of the Second Superseding Indictment . . . be severed from the remaining counts and . . . be tried first and separate from the remaining counts on January 5, 2012." ( ECF No. 360.) Nothing in the Court's Order prevents the Government from trying any of the counts included in the SSI. And the December 27 Order does not make any ruling about what evidence the Government may or may not introduce at any upcoming trial.[1]

Moreover, the Court finds that granting an indefinite stay would run contrary to the interests of justice and judicial economy. The charges at issue have been pending for over two and a half years. During that time, Defendant has not been charged with any new counts and has remained incarcerated. When the Court declared a mistrial on November 23, 2011, it immediately set down a new trial date of January 4, 2012[2] to move the case along as efficiently as possible. The parties have now had over two years to prepare for trial on all counts and the Court finds that the interests of justice are best served by continuing to move this case forward expeditiously. Finally, the Court notes that significant Court resources have

---

[1] And as the Court's Opinion accompanying the December 27 Order makes clear, the Government may not proceed with trial on Counts 12 and 13 only because the Government has already appealed this Court's previous evidentiary rulings, and that appeal is still pending. (*See* Opinion (Second Severance) at 5-6, ECF No. 359.)
[2] The date was later changed to January 5, 2012.

already been expended in anticipation of a January 2012 trial date.  The Court needs to manage its calendar, and, in light of this need, the Court finds that granting an indefinite stay would be imprudent, as it would strain the Court's already limited resources.

Although an indefinite stay is not warranted under the circumstances, the Court will stay the trial until January 18, 2012, to provide the Government with additional time to determine whether to prosecute the appeal and to provide Defendant with additional time to prepare for trial.

For the foregoing reasons and for good cause shown;

**IT IS** on this 28th day of December 2011,

**ORDERED** that the Government's motion for a stay is **GRANTED**; and it is further

**ORDERED** that the trial date will be adjourned to **January 18, 2012**.

       /s/ William J. Martini
       **WILLIAM J. MARTINI, U.S.D.J.**